<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MIKE GLASER,** | |
| Plaintiff, | Civil Action No. 21-20434 (ZNQ) (DEA) |
| v. | **OPINION** |
| **THOR MOTOR COACH,** | |
| Defendant. | |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion to Dismiss Plaintiff's Complaint ("the Motion") by Defendant Thor Motor Coach ("Defendant") pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 16.) Defendant filed a Memorandum of Law in Support of the Motion. ("Moving Br.", ECF No. 16). Plaintiff Mike Glasser ("Plaintiff"), proceeding as *pro se*, opposed the motion, (ECF No. 19) and Defendant filed a reply ("Reply Br.", ECF No. 20) The Court has carefully considered the parties submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT the Motion.

---

[1] For the sake of brevity, all references herein to "Rule" will be to the Federal Rules of Civil Procedure.

I.      **FACTUAL BACKGROUND** [2]

On August 26, 2016, Plaintiff acquired a new Freightliner X Line Motorhome ("the Motorhome") manufactured by Defendant.  (Compl. ¶ 2, ECF No. 1-3.)  The Motorhome was sold with an express manufacturer's warranty.  (*Id*. ¶ 4.)  Due to various mechanical and structural issues, Plaintiff returned the Motorhome to a manufacturer's representative numerous times.  (*Id*. ¶ 3.)  Plaintiff alleges the issues with the Motorhome included, but were not limited to, cracks in the exterior, structural portion of the vehicle, HVAC, and the navigation/stereo system.  (Id. ¶ 5.) The defects, which were under warranty, substantially affected the use, value, and safety of the Motorhome.  (*Id*. ¶ 6.)

Plaintiff initially dropped the Motorhome off at Scotts RV Center, which is the authorized dealer for Defendant on or about March 2017.  (*Id*. ¶ 7.)  The Motorhome was out of service for more than eighteen months over a three-year span.  (*Id*. ¶ 11.)  Defendant and its authorized representatives never repaired the problem.  (*Id*. ¶ 14.) On or about April 2020, Plaintiff learned the vehicle could not be fixed by the manufacturer due to the nature and extent of the defects.  (*Id*. ¶ 15.)

II.     **PROCEDURAL HISTORY**

On September 24, 2021, Plaintiff filed a Complaint against Defendant in the New Jersey Superior Court for Ocean County claiming a violation of New Jersey's "Lemon Law" (Count I) and a violation of the Magnuson Moss Warranty Act ("MMWA") (Count 2).  (*See generally*, Compl.)  On December 9, 2021, Defendant removed the matter to this Court upon learning the true amount in controversy to meet the jurisdictional requirement.  (Notice of Removal, ¶ 3; ECF No. 1.)

---

[2] For purposes of this motion, the Court will take all facts alleged in the Amended Complaint as true.  *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992).

On December 17, 2021, Defendant filed a Motion to Dismiss pursuant to Fed R. Civ. P 12(b)(6). (ECF No. 5.) Plaintiff's counsel filed opposition. (ECF No. 10.) During the pendency of the Motion to Dismiss, Plaintiff's counsel also filed a Motion to Withdraw as counsel. (ECF No. 8.)

On January 6, 2022, the Court granted the Motion to Withdraw (ECF No. 9), permitted Plaintiff 30 days to retain new counsel, and administratively terminated Defendant's Motion to Dismiss. At the request of withdrawing counsel, on February 9, 2022, Plaintiff's deadline to obtain new counsel was extended to March 7, 2022. (ECF No. 12.) On March 8, 2022, Plaintiff, appearing *pro se*, requested to extend his deadline to retain new counsel for another sixty days to obtain counsel. (ECF No. 15.) The Court granted Plaintiff's request. (ECF No. 15.) As of May 10, 2022 no entry of appearance as counsel for Plaintiff had been docketed. Plaintiff is now deemed to proceed as *pro se*. Accordingly, Defendant seeks to renew its Motion to Dismiss.

## III.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(6)

Upon reviewing a motion to dismiss, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992). If the plaintiff is unable to plead sufficient facts to state a claim to relief that is plausible on its face, a motion to dismiss should be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether a complaint is sufficient, a court must take three steps. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. Third, "whe[n] there are well-pleaded factual allegations,

3

a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id*. at 679.   In sum, this court's inquiry is normally broken into three parts (1) identifying each element of the claim, (2) striking conclusory allegations, and (3) reviewing the components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.  *Malleus*, 641 F.3d at 563.

      **B.**    ***Pro Se* Complaints**

      Plaintiff in this matter is proceeding *pro se*.  "The obligation to liberally construe a *pro se* litigant's pleadings is well-established."  *Higgs,* 655 F.3d at 339 (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) ).  "Courts are to construe complaints so 'as to do substantial justice,' Fed. R. Civ. P. 8(f), keeping in mind that *pro se* complaints in particular should be construed liberally."  *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004).  "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist*., 132 F.3d 902, 906 (3d Cir. 1997)).  "[T]here are limits to [the courts'] ... flexibility.... [P]ro se litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 245 (3d Cir. 2013).  "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief."  *Grohs*, 984 F. Supp. 2d at 282 (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

IV.   **DISCUSSION**

As a preliminary matter, the Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because the civil action arises under the laws of the United States.  The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

A.   **Lemon Law (Count One)**

*1. Statute of Limitations*

Defendant argues that Plaintiff's Lemon Law claim is procedurally time barred.  (Moving Br. at 3.)  Defendant maintains that Plaintiff's Lemon Law cause of action accrued upon twenty days of the Motorhome being "out of service" pursuant to N.J.S.A. 56:12-33a.  (*Id*.)  Defendant argues that while New Jersey's Lemon Law does not provide for an explicit statute of limitations, the statutory cause of action most analogous, a breach of warranty claim, imposes a statute of limitations of four years after the cause of action accrued.   (*Id*.)  Defendant asserts that Plaintiff's cause of action accrued on April 21, 2017, rendering his Lemon Law claim, filed on September 24, 2021, void per the statute of limitations.

Plaintiff does not address the statute of limitations issue in his opposition brief.  In reply, Defendant argues that even liberally construing the complaint, Plaintiff cannot overcome the fatal time bar on the warranty.  (Reply Br. at 2.)

New Jersey's Lemon Law does not provide an explicit statute of limitations.   In circumstances such as this, when no statute of limitations is directly applicable, Courts first look to an analogous statute that is similar to a claim cognizable at law.  *Fox v. Millman*, 201 N.J. 401, 422 (2012) (citing *Lavin v. Board of Educ. of City of Hackensack*, 90 N.J. 145, 152 (1982)).  Here, the statutory cause of action under New Jersey's Lemon Law is most analogous to a breach of warranty claim under the Uniform Commercial Code.  *Compare* N.J.S.A. 56:12-32(a) and N.J.S.A.

12A:2-725(2).  By its terms, an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.  N.J.S.A. 12A:2–725(1).

To assert a claim under the Lemon Law, a complaint must allege that (1) "[the plaintiff] report[ed] a nonconformity in [the] motor vehicle to the manufacturer or its dealer during the first 24,000 miles of operation or during the period of two years following the date of original delivery ..., whichever is earlier," N.J.S.A. 56:12–31, and that (2) "the manufacturer or its dealer [was] unable to repair or correct [the] nonconformity within a reasonable time," N.J.S.A. 56:12–32(a).

"It is presumed that a manufacturer. . .is unable to repair or correct a nonconformity within a reasonable time" if the nonconformity "continues to exist" after the motorhome is out of service for a cumulative total of 45 or more calendar days.  N.J.S.A. 56:12–33b.  Accordingly, Plaintiff's cause of action accrued after 45 calendar days of the motorhome being out of service.

The Complaint, however, is unclear as to when the accumulation of 45 calendar days took place.  The Complaint alleges Plaintiff "dropped off" the Motorhome at Scott's RV Center due to defects in March of 2017.  (Compl. ¶¶ 6, 7.)  Plaintiff also indicates that the Motorhome was out of service for a total of eighteen months. (Id. ¶ 11.) The Complaint does not specify when the Motorhome had accumulated a total of 45 days out of service.  The Court is therefore unable to determine when exactly Plaintiff's claims accrued.  As such, the Court is unable to dismiss Plaintiff's Lemon Law claim based on the expiration of the statute of limitations.

*2. Failure to State a Claim*

Defendant next argues that the Complaint contains "shot gun" allegations without designation as to which defect/nonconformity still exists.  (Moving Br. at 4.)  Defendant asserts that Plaintiff lists living facility nonconformities that would not be covered under the Lemon Law. (*Id*.)  Plaintiff does not directly address this argument in his opposition brief.

To assert a claim under the Lemon Law, the complaint must allege that a plaintiff reported a nonconformity in the motor vehicle. N.J.S.A. 56:12–31.  A "nonconformity" is defined as a "defect or condition which substantially impairs the use, value, or safety of a motor vehicle." *Christelles v. Nissan Motor Corp.,* 305 N.J. Super. 222, 226 (1997).  In establishing whether a Lemon Law claim can prevail, the inquiry is whether a reasonable person in the buyer's position could conclude that the defect impairs the use and value of the car and "shakes the buyer's confidence in it."  *Suber v. Chrysler Corp.,* 104 F.3d 578, 584 (3d Cir.1997).

Generally, "living facilities" of a motor home are not covered under New Jersey's Lemon Law.  *Smith v. Freightliner, LLC,* 239 F.R.D. 390, 394 (D.N.J. 2006).  Under N.J.S.A. 56:12–30, the definition of a Motor Vehicle includes "a passenger automobile or motorcycle as defined in [N.J.S.A.] 39:1–1 ... except the living facilities of motor homes."  Although there is no New Jersey law interpreting this definition, given the plain language of the statute, Courts within this District have determined that New Jersey courts would exclude from complaints that pertain to the living facilities.  *See Smith,* 239 F.R.D. at 394.

Plaintiff claims the Motorhome's defects included cracks in the exterior, HVAC, and the navigation/stereo system.  (Compl. ¶ 5.)  Plaintiff claims that the defects substantially affected the use, value, and safety of the Motorhome.  (*Id*. ¶ 6.)  While the Court must construe the Complaint liberally in favor of the *pro se* Plaintiff, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007), the Court is not required to credit a *pro se* plaintiff's "bald assertions" or legal conclusions." *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (internal citations omitted).

Plaintiff alleges "living facility" defects (HVAC, stereo) which are not covered under New Jersey's Lemon Law.  (*See* Compl. ¶ 5.)  While Plaintiff pleads other *non*-living facility defects (*i.e.,* cracks in the exterior), Plaintiff fails to indicate *how* or *why* these defects substantially

affected the use, value, and safety of the Motorhome; he merely *asserts* the defects substantially affected the use, value, and safety of the vehicle. (*See* Compl. ¶ 6.) Nothing within the Complaint demonstrates to the Court that a reasonable consumer in Plaintiff's position could conclude that cracks in the exterior could impair the use and value of the vehicle. *See Suber,* 104 F.3d at 584. The Court, therefore, finds Plaintiff's allegations to be "bald assertions." Accordingly, Plaintiff has failed to plead sufficient facts to state a claim for relief. Defendant's Motion will therefore be granted as to Count One.

### B.   Magnuson Moss Warranty Act ("MMWA") (Count Two)

Defendant argues that Count Two should be dismissed because all breach of warranty claims against it are time barred. (Moving Br. at 5.) Defendant asserts that its Limited Warranty requires actions for breach of warranty be commenced within 90 days after the expiration of the one-year warranty period. (*Id.*) Plaintiff does not address this argument in his opposition brief.

To state a claim under the MMWA, a plaintiff must first adequately plead a claim for breach of warranty under state law. *Cooper v. Samsung Elecs. Am., Inc.*, Civ. No. 07-3853, 2008 WL 4513924, at *6 (D.N.J. Sep. 30, 2008) (dismissing MMWA claim where state law warranty claim had already been dismissed, noting that MMWA claims are "dependent on state law claims").

In New Jersey, the statute of limitations for breach of sales contracts is generally four years, but reduction of a warranty period contained in such a contract is permissible. *See* N.J.S.A. 12A:2-275(1) (providing that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year").

Defendant's limited warranty requires that all actions for breach of warranty, express or implied, be brought within *ninety days* of the end of the twelve-month warranty period.

8

("Warranty Agreement", ECF No. 16-1 at Ex. C.[3])  This is permissible under New Jersey law. *See Bowen v. Hyundai Motor Am.*, Civ. No. 15-6942, 2016 WL 3466085, at *2-3 (D.N.J. June 22, 2016) (upholding a one-year contractual limitations period as reasonable and discussing reasonableness generally).  Plaintiff purchased the Motorhome in August of 2016, but did not file suit until September 24, 2021, over five years later.  Accordingly, Plaintiffs' claims as to Defendant are time-barred under the Warranty Agreement and New Jersey law.  *See* N.J.S.A. 12A:2-275(1); *see also* Warranty Agreement.  Because Plaintiff does not adequately plead a claim for breach of warranty under state law, he cannot state a claim under the MMWA.  As a result, Defendant's Motion will be granted as to Count Two.  *See Russo v. Thor Industries, Inc*., Civ. No. 20-10062, 2020 WL 5868801 (D.N.J. Oct. 1, 2020).

## V.    **CONCLUSION**

For the reasons stated above, the Court will GRANT the Motion and DISMISS the Complaint WITHOUT PREJUDICE.  The Court will also permit Plaintiff another opportunity to plead his claims by granting leave to file a First Amended Complaint within 30 days.  An appropriate Order will follow.

Date: **February 6, 2023**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[3] While as a general rule, the Court many not consider anything beyond the four corners of the Complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]."  *In re Rockefeller Ctr. Props. Sec. Litig*., 184 F.3d 280, 287 (3d Cir. 1999).  Specifically, courts may consider any "document integral to or explicitly relied upon in the complaint*."  In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1426 (3d Cir. 1997).  Here, the Court finds the Warranty Agreement to be integral to the Complaint because Plaintiff pleads violations of the MMWA.  Accordingly, the Court will consider the Warranty Agreement without converting the instant motion to dismiss into one for summary judgment.